UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

In re:                                                                                        Case No. 9:11-bk-21854-FMD
                                                                                                Chapter 7
Vincent Russo,

    Debtor.
_____/

Vincent Russo,

    Plaintiff,

vs.                                                                                           Adv. Pro. No. 9:13-ap-111-FMD

HD Supply Electrical, Ltd.,

    Defendant.

_____/

**MEMORANDUM OPINION ON CROSS MOTIONS FOR SUMMARY
JUDGMENT AND PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES**
**(Doc. Nos. 12, 14, 19)**

### INTRODUCTION

When a Chapter 7 debtor receives a discharge, he is discharged from all debts that arose before the commencement of the case. "Debt" is defined as liability on a claim. "Claim" is defined as a right to payment, including a right that is contingent or unmatured. If a person executes a continuing guaranty of the extension of credit to another, the creditor has a contingent right to payment from the guarantor in the event that the principal obligor fails to satisfy its payment obligations for current and future extensions of credit. Thus, a continuing guaranty is a "claim" for which the guarantor is personally liable and constitutes a "debt." When the guarantor signs a guaranty prior to filing a bankruptcy case, a "debt" exists as of the commencement of the case.

Therefore, a debtor's personal liability under a prepetition guaranty is subject to discharge under 11 U.S.C. § 727(b).

**PROCEDURAL BACKGROUND**

Plaintiff, Vincent Russo (the "Debtor"), filed his single count complaint against Defendant, HD Supply Electrical, Ltd. ("HD Supply"), for a violation of the discharge injunction contained in 11 U.S.C. § 524(a)(2).[1] HD Supply filed an Answer and Affirmative Defenses, raising the following five defenses: (i) failure to state a cause of action; (ii) insufficient notice and lack of actual knowledge of the Debtor's bankruptcy; (iii) the Debtor's remaining personal liability under the unrevoked, continuing personal guaranty for the postpetition indebtedness of the principal obligor; (iv) unclean hands; and (v) judicial estoppel.[2]

HD Supply filed *Defendant's Motion for Summary Judgment with Incorporated Memorandum of Law* as to its third affirmative defense.[3] The Debtor then filed *Plaintiff's Response to Defendant's Motion for Summary Judgment and Plaintiff's Cross-Motion for Summary Judgment*,[4] as well as *Plaintiff's Motion to Strike Defendant's Affirmative Defenses* (the "Motion to Strike"), aimed at all of HD Supply's defenses.[5]

Following oral argument at a hearing conducted on June 18, 2013, the Court announced its rulings and thereafter entered an order memorializing those rulings.[6] In that order, the Court reserved jurisdiction to file written findings of fact and conclusions of law, which it now does.

---

[1] Adv. Doc. No. 1. All references to the adversary proceeding docket are abbreviated as "Adv. Doc. No." and all references to filings in the underlying bankruptcy case are abbreviated as "Main Case Doc. No."
[2] Adv. Doc. No. 3.
[3] Adv. Doc. Nos. 12, 13.
[4] Adv. Doc. No. 19.
[5] Adv. Doc. No. 14.
[6] Adv. Doc. No. 29.

## UNDISPUTED FACTS

The Debtor is a principal of JVA Electric, doing business as KVA Electric (the "Company"). On June 8, 2011, the Company executed a Credit Application with HD Supply.[7] As part of the Credit Application, the Debtor executed a Continuing Personal Guaranty (the "Guaranty") of the Company's obligations to HD Supply.[8] On November 29, 2011, the Debtor filed a Chapter 7 bankruptcy case.[9] The Debtor scheduled HD Supply as a general unsecured creditor with a claim in the amount of $49,345.03.[10]

On March 30, 2012, the Debtor received his discharge.[11] Thereafter, between April 11, 2012 and September 4, 2012, HD Supply delivered "no less than $21,362.38 in products" to the Company on credit.[12] The Company did not pay for those products, and on January 9, 2013, HD Supply sent a collection letter to the Company requesting full payment of its outstanding account balance.[13] In that letter, HD Supply stated that the Debtor was personally obligated for the Company's debt pursuant to the Guaranty. Although there is an unresolved issue of fact as to whether HD Supply received notice of the Debtor's bankruptcy, it is undisputed that the Debtor never formally revoked the Guaranty in writing or provided notice of such revocation to HD Supply.[14]

## QUESTION PRESENTED

The Debtor argues that HD Supply's statement in its collection letter that he remains personally obligated for the Company's debt is a violation of the discharge injunction. HD Supply

---

[7] *See* Affidavit of HD Supply (Adv. Doc. No. 13, ¶¶ 2-3).
[8] *Id.*
[9] Main Case Doc. No. 1.
[10] *Id.* at p. 22. There is an issue of fact as to whether HD Supply actually received notice of the Debtor's bankruptcy. HD Supply raised this issue in its second affirmative defense.
[11] Main Case Doc. No. 24.
[12] *See* Affidavit of HD Supply (Adv. Doc. No. 13, ¶ 4).
[13] *Id.* at ¶ 6.
[14] *See* Affidavit of HD Supply (Adv. Doc. No. 13, ¶ 5).

argues that the continuing nature of the Guaranty encompassed all of its future transactions with the Company, and because the Debtor never formally revoked his Guaranty in writing, he remains liable under the Guaranty for the post-discharge obligations incurred by the Company. The Court must determine whether the Debtor's personal liability under the Guaranty for postpetition debts incurred by the Company was subject to being discharged.

## LEGAL ANALYSIS

### I.     Jurisdiction

The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157(a), §1334, and the Standing Order of General Reference entered in this District.[15] The parties have agreed that this is a core proceeding and that the Court may enter a final judgment.[16]

### II.    Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure, incorporated in full by Rule 7056 of the Federal Rules of Bankruptcy Procedure, governs the parties' cross motions for summary judgment. Under Rule 56(a), summary judgment is appropriate when the moving party shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. In reviewing a motion for summary judgment, courts must review the record and all its inferences in the light most favorable to the nonmoving party.[17]

When parties have filed cross motions for summary judgment, courts review each motion separately under the Rule 56(a) standard.[18] Thus, each moving party must show that there are no genuine disputes as to any material facts that would preclude judgment as a matter of law on the

---

[15] *See In re Standing Order of Reference Cases Arising Under Title 11, United States Code,* Case No. 6:12-mc-26-ORL-22 (M.D. Fla. Feb. 22, 2012) ("any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 are referred to the bankruptcy judges for this district").

[16] Adv. Doc. No. 1, 3.

[17] *Bedoya v. Travelers Property Cas. Co. of Am.*, 773 F. Supp. 2d 1326, 1328 (M.D. Fla. 2011).

[18] *LSQ Funding Grp., L.C. v. EDS Field Servs.*, 879 F. Supp. 2d 1320, 1325 (M.D. Fla. 2012).

claims, defenses, or parts thereof that are put in issue by the moving party's motion. The fact that both parties have filed motions for summary judgment does not necessarily require that one party or the other prevail, as the mere filing of cross motions, by itself, does not establish that either party is entitled to judgment as a matter of law.[19]

In order to prevail on its motion for summary judgment on its third affirmative defense, HD Supply must establish, as a matter of law, that the Debtor's filing for bankruptcy did not result in his future personal liability under the Guaranty becoming subject to discharge. For the Debtor to prevail on his summary judgment motion, he must establish by record evidence that there are no genuine disputes of material fact and that he is entitled to judgment as a matter of law. Because an affirmative defense can preclude judgment from being entered in the Debtor's favor,[20] part of the Debtor's burden as the cross-moving party is to establish that HD Supply's affirmative defenses are invalid or legally insufficient. Otherwise, the Debtor will not have shown that he is entitled to judgment as a matter of law.[21]

### III.  The Debtor's Liability under the Guaranty Was Subject to Being Discharged

When a debtor receives a discharge under 11 U.S.C. § 727(b),[22] he no longer has any personal liability for prepetition "debts," other than for debts that are deemed non-dischargeable under § 523. The Bankruptcy Code defines "debt" as meaning "liability on a claim."[23] And a "claim" is defined as the "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, *contingent*, matured, *unmatured*, disputed, undisputed, legal,

---

[19] *Ernie Haire Ford, Inc. v. Universal Underwriters Ins. Co.*, 541 F. Supp. 2d 1295, 1297 (M.D. Fla. 2008).
[20] *Haven Fed. Sav. & Loan Ass'n v. Kirian*, 579 So. 2d 730, 733 (Fla. 1991) (noting that a valid affirmative defense is one that defeats the plaintiff's cause of action).
[21] *See In re Camtech Precision Mfg., Inc.*, 471 B.R. 293, 298 (S.D. Fla. 2012) (stating that a party moving for summary judgment "must come forward with evidence to defeat or overcome [an] affirmative defense").
[22] Unless otherwise stated, all statutory references are to the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.*
[23] 11 U.S.C. § 101(12).

equitable, secured, or unsecured."[24]  Courts have recognized that a personal guaranty is the classic example of a contingent liability because the guarantor's liability is triggered only if the principal obligor has failed to satisfy its debt.[25]

Applying these express definitions, the Court finds that the Debtor's personal liability under the Guaranty was subject to being discharged.  On the date the Debtor filed for bankruptcy, HD Supply held a contingent claim against the Debtor for any future indebtedness that the Company incurred and failed to pay.  Even though the future indebtedness had not yet been incurred, the claim itself (as a contingent right to payment) still existed by virtue of the Debtor's execution of the prepetition Guaranty.  And because the Guaranty rendered the Debtor liable for HD Supply's claim, the "debt" existed prepetition.  Accordingly, the Debtor's liability under the Guaranty for that prepetition debt was subject to being discharged under § 727(b).

Other courts have reached the same conclusion on nearly identical facts.  For example, the courts in *In re Stillwell*[26] and *In re Lipa*[27] employed this definitional approach in finding that a debtor's liability under a personal guaranty was discharged.  As the *Stillwell* court stated, courts "universally recognize that claims are contingent as to liability if the debt is one which the debtor will be called upon to pay only upon the occurrence or happening of a future event."[28]  In *Stillwell*, the court held that a contingent claim arising from a debtor's personal guaranty constituted a "debt" as of the date of the bankruptcy filing, which would, therefore, be subject to the debtor's discharge.[29]  Similarly, in *Lipa*, the court held that a debtor's prepetition personal guaranty of a corporate obligation to a supplier constituted a "claim" and a "debt" under the Bankruptcy Code

---

[24] 11 U.S.C. § 101(5)(A) (emphasis supplied).
[25] *See, e.g., In re Pennypacker*, 115 B.R. 504, 507 (Bankr. E.D. Pa. 1990).
[26] 2012 WL 441193, at *3 (Bankr. D. Neb. Feb. 10, 2012).
[27] 433 B.R. 668, 670 (Bankr. E.D. Mich. 2010).
[28] *In re Stillwell*, 2012 WL 441193, at *3.
[29] *Id.* at *4.

that was subject to being discharged.[30] The *Lipa* court stated that "the terms 'claim' and 'debt' are defined as broadly as possible to enable the debtor to deal with all legal obligations in a bankruptcy case."[31]

Here, as in the cases cited, the future events that triggered the Debtor's obligation to pay HD Supply were HD Supply's postpetition extension of credit to the Company and the Company's failure to pay its debts. To the extent that HD Supply had notice of the Debtor's bankruptcy and wanted the Debtor to remain liable for the Company's debt that arose after the Debtor's discharge, HD Supply could have demanded a new personal guaranty. But in accord with *Stillwell* and *Lipa*, the Debtor's personal liability on HD Supply's contingent claim arose prior to the commencement of the case and was thus subject to being discharged under § 727(b).

The cases on which HD Supply relies are distinguishable on their facts. For example, HD Supply cites *Resolution Trust Corp. v. Haught (In re Haught)*[32] in support of its position that a prepetition guaranty can render a debtor liable for postpetition debt because only debts that arose prepetition can be discharged. But the facts in *Haught* are unclear, and it appears that the issue in *Haught* was whether debts incurred postpetition, but before the entry of the debtor's discharge, were subject to the discharge.

In *Haught*, Judge Paskay discussed the debtor's prepetition liability as being the guaranty of a "fully funded $300,000 line of credit."[33] The principal obligor satisfied the outstanding debt on that line of credit after the debtor filed his Chapter 7 bankruptcy petition, thereby relieving the debtor-guarantor from any payment obligation under the prepetition guaranty. But the defendant-creditor then made two additional postpetition advances. Judge Paskay stated that "both of [those]

---

[30] *In re Lipa*, 433 B.R. at 671.
[31] *Id.* (internal citation omitted).
[32] 120 B.R. 233 (Bankr. M.D. Fla. 1990).
[33] *Id.* at 234.

7

loans were *also* guaranteed by the [d]ebtor, thus, he *again* became liable."[34]  It may be inferred from the court's use of the words "also" and "again" that the debtor had executed a new guaranty (i.e., a postpetition guaranty) at the time the additional advances were made.  The court held that the two additional advances were debts incurred postpetition and not discharged in the bankruptcy.

If this Court's inference is borne out by the actual facts, then *Haught* is clearly distinguishable, as the Guaranty in this case was signed prepetition, and the Debtor did not execute a postpetition guaranty that would re-obligate him for the postpetition credit extended to the Company.  To the extent that the Court is mistaken in drawing the inference that the debtor in *Haught* signed an additional postpetition guaranty, then *Haught* can only be read as standing for the proposition that a debtor's liability under a guaranty does not arise until the credit to the principal obligor is *actually* extended.  But that interpretation conflicts with the broad definition of "claim" and is contrary to the very notion of a continuing guaranty.  The Court disagrees with that reasoning.

The other primary case cited by HD Supply, *In re Weeks*,[35] is also distinguishable on its facts.  The debtor in *Weeks* executed a postpetition personal guaranty in connection with the creditor's *postpetition* renewal of an existing line of credit to the debtor's medical practice.  In addition, the *Weeks* court articulated a rationale which this Court has already expressly rejected. Although the *Weeks* court acknowledged that under § 101(5)(A), a "claim" includes a contingent right to payment, the court viewed only those debts that the principal obligor had already and actually incurred as giving rise to a contingent claim against the guarantor.  The court did not view future loans or extensions of credit to be contingent claims subject to discharge, but instead held that the debtor's failure to revoke his prepetition guaranty resulted in the debtor's being liable for

---

[34] *Id.* (emphasis supplied).
[35] 400 B.R. 117 (Bankr. W.D. Mich. 2009).

the renewed line of credit. This Court disagrees with that analysis and, instead, concurs with the *Stillwell* and *Lipa* definitional approach in finding that a "claim" encompasses any future obligation that may arise under a prepetition continuing guaranty.[36] As such, a debtor's liability on a contingent prepetition guaranty-based claim is a debt that exists on the petition date and is subject to being discharged.

Because this Court finds that HD Supply's claim against the Debtor was subject to being discharged, the Court finds that HD Supply's third affirmative defense is insufficient as a matter of law and therefore denies HD Supply's Motion for Summary Judgment. As a corollary to this ruling, the Court grants the Debtor's Motion to Strike HD Supply's first and third affirmative defenses.

HD Supply's fourth and fifth affirmative defenses relate to the Debtor's repurchase of his interest in the Company from the Chapter 7 trustee. But the Debtor's repurchase of stock in the Company is not relevant to the issue of whether the Debtor's debt to HD Supply was discharged. Therefore, the Court will grant the Motion to Strike as to the fourth and fifth affirmative defenses as well.

The Court will deny the Motion to Strike as to the second affirmative defense, as that defense raises a dispute of material fact as to whether HD Supply had actual notice of the bankruptcy filing. HD Supply's alleged lack of knowledge of the Debtor's bankruptcy is relevant to the issue of whether the Debtor's debt to HD Supply was excepted from discharge under § 523(a)(3). Because a genuine dispute of material fact exists as to HD Supply's second affirmative defense, the Debtor's motion for summary judgment shall be denied.

---

[36] The *Lipa* court expressly rejected the reasoning and holding of *Weeks* when it held that the debtor's prepetition guaranty agreement was dischargeable. 433 B.R. at 671.

## CONCLUSION

HD Supply's claim against the Debtor arising from the Guaranty was subject to being discharged as of the petition date. An unresolved question of fact remains as to whether HD Supply had notice or actual knowledge of the Debtor's bankruptcy case. Such notice or knowledge is relevant to a determination of the discharge of the debt. In addition, even if this Court determines that the debt is not excepted from discharge, factual issues exist on the issue of whether HD Supply's communication to the Debtor constituted a willful violation of the discharge injunction. Accordingly, the Court has set this proceeding for a further pre-trial conference.

Accordingly, it is

**ORDERED**:

1.  The Motions for Summary Judgment are DENIED.

2.  The Motion to Strike is GRANTED as to HD Supply's first, third, fourth, and fifth affirmative defenses and DENIED as to HD Supply's second affirmative defense.

**DONE** and **ORDERED** in Chambers at Tampa, Florida, on July 11, 2013.

_____
Caryl E. Delano
United States Bankruptcy Judge

Attorney, Joseph C. LoTempio, Esq., is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order.